UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankr. No. 19-40365 KLT |
| Michael M. Paczkowski, | |
| Debtor. | Chapter 7 |

## MEMORANDUM DECISION AND ORDER[1]

This matter came before the Court on a motion for contempt (the "Motion")[2] [ECF No. 63], filed by Michael M. Paczkowski ("Debtor") against Casey Garven, Gina Garven, and DRMP Concrete, LLC (collectively, "Respondents"). Respondents filed a timely response to the Motion (the "Response") [ECF No. 65]. The Court held a hearing on October 5, 2022, at which Nathan Hanson appeared for Debtor, Jeffrey Klobuchar appeared for Respondents, and J. Richard Stermer appeared as the chapter 7 trustee (the "Trustee").

Debtor asks the Court to hold Respondents in civil contempt for allegedly violating this Court's orders by obtaining a monetary judgment and seeking an attorney fee award in state court. As sanctions, Debtor asks the Court to order the incarceration of Respondents, order the state-court proceedings be vacated as to

---

[1] Reissued with typographical corrections, pursuant to Bankr. R. 9024; Fed.R.Civ.P. 60(a).

[2] At the hearing, Mr. Hanson confirmed that he uploaded the Motion to ECF, but he made no further efforts to serve the Motion and he did not prepare or upload a certificate of service to ECF. Pursuant to Bankr. R. 9014, with reference to Bankr. R. 7004, the Motion was required to be served on Respondents themselves, not just transmitted via ECF to their attorney of record.

Debtor, award Debtor attorney fees for this motion as well as the state court litigation, and dismiss a pending adversary proceeding.

This is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. This memorandum decision is based on all the information available to the Court and constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052, made applicable to this contested matter by Fed. R. Bankr. P. 9014(c). For the reasons set forth hereinafter, the motion is DENIED.

## BACKGROUND

### A. The 2019 Bankruptcy Court Orders

Prior to the Petition Date, Debtor and Respondents were parties to construction litigation in the Carver County District Court. Respondents filed a motion for relief from the automatic stay seeking authorization to "liquidate and otherwise pursue their respective claims against the Debtor and other entities in Carver County District Court." [ECF No. 17 at 19.] At a status conference on September 18, 2019, Judge Sanberg distinguished liquidation of claims versus collection efforts. [ECF No. 45 (the "Transcript").] Respondents confirmed that they would not attempt to seek actual monetary recovery from Debtor until the Court exercised its exclusive jurisdiction to determine the issues of nondischargeability under 11 U.S.C. § 523 and discharge under § 727. [Transcript 17:22–18:25.] On September 19, 2019, the Bankruptcy Court entered an order (the "Lift-Stay Order") that states in relevant part:

2

> The automatic stay imposed by 11 U.S.C. § 362(a) is terminated as to
> the Movants such that they may proceed to liquidate and otherwise
> pursue their respective claims against the Debtor and other entities
> in Carver County District Court.

[ECF No. 36, ¶ 3.] Debtor unsuccessfully appealed the Lift-Stay Order. [ECF No. 61 (opinion dismissing B.A.P. 8th Cir. No. 19-6029).][3] Whether by operation of law, or the express language of the Lift Stay Order, Respondents were authorized under the Bankruptcy Code to commence the MUVTA Case against Debtor when they filed their case in late September 2019, provided they did not collect prematurely on a judgment against Debtor.

Shortly after the Lift-Stay Order, Respondents and the Trustee entered into a Settlement Agreement in which they agreed, inter alia, to a 50/50 split of any recovery from the MUVTA Case (the "Settlement Agreement"). [ECF No. 35.] On September 26, 2019, the Court approved the Settlement Agreement. [ECF No. 38 (the "Settlement Order").] Under the Settlement Order, Respondents were further authorized to "pursue claims related to transfers by DRMP and other entities owned by or affiliated with Debtor in Minnesota state court." [ECF Nos. 35 at 5, and 38.]

B. **The State-Court Proceedings**

On September 27, 2019, after the Lift-Stay Order was issued, Respondents filed a civil complaint in Carver County District Court against Debtor, Complete Exteriors, LLC, and other defendants (Minn. Case No. 10-CV-19-956, the "MUVTA

---

[3] The B.A.P. concluded that the automatic stay was terminated as to Respondents on August 5, 2019, by operation of law, pursuant to 11 U.S.C. § 362(e)(2) and Bankr. R. 9006(a)(1)(C). [Id.] Stated differently, the Lift-Stay Order was superfluous, and the related appeal was moot; Respondents were statutorily entitled to pursue the MUVTA Case before the Lift-Stay Order was even issued.

3

Case"). Respondents alleged various fraudulent transfers of Respondent DRMP's assets by Debtor to himself and the other defendants, pursuant to Minnesota's Uniform Voidable Transactions Act (Minn. Stat. § 513.41 et seq., "MUVTA"). The parties litigated the case through a trial by jury, which, on April 7, 2022, returned a verdict in favor of Respondents, finding that:

> Michael Paczkowski, in his capacity as the sole member of DRMP Concrete, LLC, transferred cash and assets of DRMP Concrete, LLC to Complete Exteriors, LLC with the intent to hinder, delay, or defraud his creditors, Casey Garven and Gina Garven.

MUVTA Case, Index 49, ¶ 2.[4] Carver County District Court Judge Michael Wentzell entered an Order for Judgment, on May 20, 2022, confirming the jury's findings and entering monetary judgment, for actual damages, in favor of Respondents Casey and Gina Garven against Debtor and Complete Exteriors (the "MUVTA Judgment"). Debtor has not appealed the MUVTA Judgment. See generally, MUVTA Case, Register of Actions (accessed Oct. 5, 2022).

On July 5, 2022, Respondents filed a motion in the MUVTA Case seeking prejudgment interest on the amount of the MUVTA Judgement, plus an award of attorney fees. [Response at 26.] MUVTA Case, Index 52–53. On August 1, 2022, Debtor filed a response objecting to both the motion for attorney fees and the MUVTA Judgment. MUVTA Case, Index 59. On August 14, 2022, Debtor filed another response, arguing for the first time, that the MUVTA Judgment "is void ab

---

[4] The Order for Judgment is attached as Exhibit C to the Response (at 21–22) and, along with the other filings in the MUVTA Case, is available through Minnesota Court Records Online at https://publicaccess.courts.state.mn.us/CaseSearch.

4

initio" because, Debtor alleges, this Court did not authorize Respondents to pursue a monetary judgment against Debtor. MUVTA Case, Index 63. The State Court held a hearing on the motion, on August 17, 2022, and took the matter under advisement. MUVTA Case, Index 65.

### C. The Current Contempt Motion

This Motion is predicated on a plainly inaccurate claim that Respondents have violated "the Court's Order of September 18, 2019 on the record…" There is no such Order. This Court convened a status conference on September 18, 2019. On September 19, 2019 and September 26, 2019, it entered the Lift-Stay Order, and the Settlement Order, respectively. [ECF Nos. 36 and 38]. Both Orders expressly contemplate and authorize Respondents to liquidate their claims against Debtor in a Minnesota state court. Respondents argue that obtaining the MUVTA Judgment and seeking the attorney fee award, without further collection action, is specifically authorized as to Debtor by the Lift-Stay Order. [Response at 7.] This Court agrees.

At the hearing, Debtor's counsel confirmed the Motion is predicated on a second error: Debtor alleges that Respondents have engaged in collection action by docketing a judgment. Minnesota law requires a creditor to file an affidavit of identification to docket a judgment. Minn. Stat. § 548.09, subd. 2. Respondents represented to this Court that they have not filed such an affidavit as to Debtor and, therefore, the MUVTA Judgment has not been docketed. Respondents have consistently acknowledged that post-judgment collection from Debtor is not permitted until further order from this Court. [Id. at 8.] This Court reviewed the record in the MUVTA Case, and it confirms Respondents have not docketed their

5

judgment. There is no other evidence in the record to suggest Respondents have violated the Settlement Order by engaging in prohibited collection activity.

## DISCUSSION

The Court has statutory and inherent authority to issue civil contempt orders as necessary to enforce its orders. Law v. Siegel, 571 U.S. 415, 420–21 (2014); In re Reed, 888 F.3d 930, 936 (8th Cir. 2018). "[I]f the penalty is to compensate the complaining party or to coerce the defendant into complying with the court's orders, the contempt is civil." Hubbard v. Fleet Mortg. Co., 810 F.2d 778, 781 (8th Cir. 1987). Bankruptcy Courts can also issue orders for criminal contempt, subject to de novo review on objection to the District Court. Wright v. Nichols, 80 F.3d 1248 (8th Cir. 1996).

For civil contempt, the movant must prove, by clear and convincing evidence, that the respondent both (1) knew about a court order and (2) violated that order. Koehler v. Grant, 213 B.R. 570 (B.A.P. 8th Cir. 1997); accord. U.S. v. Open Access Tech. Intern., Inc., 527 F.Supp.2d 910, 912 (D. Minn. 2007). The burden then shifts to the respondent to show that, for reasons outside their control, they were unable to comply, despite reasonable efforts to do so. Open Access, 527 F.Supp.2d at 912.

Here, Debtor fails to allege any action by Respondents that violates any order of the Court. Both the Lift-Stay Order and the Settlement Order explicitly authorize prosecution of the MUVTA Case as to Debtor. The Lift-Stay Order terminated the automatic stay to permit Respondents to "liquidate and otherwise pursue their respective claims against the Debtor. . . ." [Lift-Stay Order, ¶ 3.] Black's Law

6

Dictionary (11th ed. 2019) defines "liquidate" as "2. To ascertain the precise amount of (debt, damages, etc.) by litigation or agreement." Reducing a claim to a money judgment against Debtor, including an award of attorney fees, is liquidating a claim. See also In re SJI, Inc., 442 B.R. 690, 693 (Bankr. D. Minn. 2010) (considering whether to sever and allow state-court liquidation of claims predominated by state-law issues from bankruptcy court determination of allowance and enforcement of the claims); In re National Ass'n of Prof. Martial Artists, Inc., 346 B.R. 899, 902 (Bankr. M.D. Fla. 2006) (discussing a lift-stay motion to "liquidate its claim for attorney fees and costs"); In re Dow Corning Corp., 215 B.R. 346, 356 ("There is unanimous agreement that a claim is liquidated if its amount is readily ascertainable.").

Contrary to Debtor's assertions, Judge Sanberg's statements at the September 18, 2019 status conference confirm that she understood the purpose, scope, and necessary parties to the MUVTA Case in Carver County District Court, and she entered an order the next day expressly to permit such litigation to go forward. Debtor appealed the Lift-Stay Order unsuccessfully to the B.A.P., and then proceeded to participate in the MUVTA Case in Carver County District Court for over three years before raising the arguments set forth in the Motion before either the Bankruptcy Court or State Court. This Court declines Respondent's belated request to interfere with the MUVTA Case or to sit in review of the Carver County District Court.

Because Debtor fails to establish any contemptuous conduct on the part of Respondents, it is not necessary for the Court to consider the sanctions requested by Debtor.

**CONCLUSION**

Debtor has failed to allege any action by Respondents that violates any order of this Court. Accordingly, IT IS ORDERED:

1. Debtor's Motion is DENIED.

2. Debtor is instructed to file a copy of this Order with the Carver County District Court, case number 10-CV-19-956 within 48 hours of the docketing of this Order.

DATED: *October 6, 2022*

*/e/Kesha L. Tanabe*
Kesha L. Tanabe
U.S. Bankruptcy Judge